**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON**

In re:                                               ) Case No. 05-24720-KAO
    Jack Carlton Cramer, Jr.              )
                                          ) CHAPTER 13 PLAN
                                          )
    Debtor(s).                            )

**1. Plan Payments:**
Within 30 days of the filing of the Plan, the Debtor(s) will commence making payments to the Trustee as follows:
  A. **AMOUNT:** $ **3,152\*** FREQUENCY: **_X_** **Monthly**; **\*PLUS the trustee's percentage fee. [\*$2,694 + $458]**
  B. **TAX REFUNDS:** Debtor(s)___ COMMITS;_**X**_ **DOES NOT COMMIT**; all tax refunds to funding the Plan. If no selection is made, tax refunds are committed.
  C. **PAYMENTS:** Plan payments shall be deducted from the Debtor(s) wages unless otherwise agreed to by the Trustee or ordered by the Court.

  **D. OTHER:**
According to Countrywide Home Loans, Inc., the holder of a promissory note secured by first Deed of Trust on the debtor's homestead, the debtor owes the following approximate sums:

    Principal:                  $272,000.00
    Arrears:                    $161,012.00
    Total:                      $433,012.00

The creditor's 12/15/2005 proof of claim states the collateral is worth $330,000.
Based on that value, the $272,000 (approximate) principal balance and $58,000 of the alleged arrears is secured and $103,012 of the alleged arrears is unsecured.

Countrywide Home Loans, Inc., gave notice on December 7, 2005, (copy attached) that it assigned, sold, or transferred the debtor's loan to LITTON LOAN SERVICING, LP, effective December 1, 2005. The debtor had been negotiating settlement / workout of the mortgage debt with COUNTRYWIDE HOME LOANS through Marcus Jaymes & Associates, Ltd., 3430 pacific Avenue, Suite A-6 #345, Olympia, WA 98501, Phone 360-456-2982, Fax 360-456-6026, for some time before receiving notice of the transfer to LITTON. Mr. Boguslawski expected informs counsel that he expected to complete the negotiations and arrive a terms by the end of January 2006. However, the transfer of the loan to LITTON brought negotiations with COUNTRYWIDE to an abrupt end. Negotiations are being undertaken with LITTON.

CLAIM FOR BEACH OF CONTRACT AGAINST COUNTRYWIDE HOME LOANS INC.: The debtor has an unliquidated claim in an undetermined amount against Countrywide Home Loans, Inc., for breach of contract made in July 2003 in settlement of litigation concerning wrongful foreclosure against the debtor's homestead by Countrywide Home Loans, Inc. (copy of settlement agreement is attached).

**2. Plan Duration:**
    The length of the Plan is set forth in paragraph 3E2 below. The Plan will run a minimum of **36 months**, unless all timely filed claims are sooner paid in full, plus appropriate interest. At the Trustee's discretion, and without notice or hearing, the Plan may be extended up to 60 months after confirmation in order to pay, in full, administrative expenses, secured claims, priority claims and any creditors placed in a special class for full payment.

[Local Bankruptcy Form 13-1] - Page 1

3. **Distribution of Plan Payments**:
   From the payments so received, the Trustee shall make disbursements in the following order:
   A. **ADMINISTRATIVE EXPENSES:**
   1. **Trustee.** The percentage set pursuant to 28 USC '586(e).
   2. **Attorney's Fees:** Original attorney's fees of **$1,800** of which $1,000 remains unpaid.
      Fees are to be paid: At the Trustee's discretion ___; **Prior to all creditors X ;** Minimum of $_____ monthly

   B. **CURRENT CHILD SUPPORT/MAINTENANCE:** $____ per month unless stated otherwise in paragraph 6 below.

   C. **SECURED CLAIMS/LEASES**: Payments to creditors whose claims are filed, as follows, unless ranked otherwise.
   Interest rates are stated as per annum, uncompounded.
   Rank
   __1__ Current 1st mortgage of **$Amt is undetermined (see paragraph 1.D, above)**, payments of $ **TBD** monthly at **TBD** interest per annum,

   __2__ Current 2nd mortgage of **$Amt is undetermined (see paragraph 1.D, above)**, payments of $ **TBD** monthly at **TBD** interest per annum,

   __3__ 1st mortgage arrears of **$ TBD** (amount is disputed by debtor), payments of **$ TBD** monthly at **TBD** interest per annum,
   __4__ 2nd mortgage arrears of $ **TBD**, payments of $**TBD** monthly at **TBD**% interest per annum,
   ____ Lease payment to_____, of $_____monthly.

   Monthly payment of $458 on debtor's automobile shall be made through the plan.

   Secured creditors, except as provided in 26 USC 6621(a)(2) and 11 USC 1322(b)(2), will be paid the amount of their claim or the value of their collateral, whichever is less, plus interest as stated above. Interest rate and monthly payment in the Plan controls unless creditors timely file an objection to confirmation. Value of collateral stated in the Proof of Claim controls unless otherwise ordered following timely objection to claim. The unsecured portion of any claim shall be paid as a general unsecured claim unless entitled to priority by law. For creditors holding secured claims not listed above, the interest rate shall be **contract rate**. Interest rate is 15% if left blank.

   D. **PRIORITY CLAIMS:** Debts entitled to priority under and in the order prescribed by '507 of the Bankruptcy Code as follows:

   | Rank | Name | Amount of Claim | Basis for Priority |
   |------|------|-----------------|--------------------|
   | ____ | _____ | $_____ | _____ |
   | ____ | _____ | $_____ | _____ |

   E. **UNSECURED CLAIMS:** From the balance remaining after the above payments, dividends to unsecured creditors whose claims are allowed as follows:

   1. **Special Unsecured Claims.** The following unsecured claims will receive a higher distribution than general unsecured claims.

   | Rank | Name | Amount of Claim | Percentage to be Paid | Reason for Special Classification |
   |------|------|-----------------|-----------------------|-----------------------------------|
   | ____ | _____ | $_____ | _____% | _____ |
   | ____ | _____ | $_____ | _____% | _____ |

   2. **General Unsecured Claims.** The Debtor(s) will pay 100% to claimants in this class, or make a minimum of 36 monthly payments:
      A. % paid to unsecureds: TBD % __X__ 70% ____ Other ____ %
      or B. Best Efforts: 60 months ___ ; 36 months ___ ; Other ___ ; yielding approximately ___% to general unsecureds

4. **Secured Property Surrendered**:
   The secured property described below will be surrendered to the following named creditors on confirmation.

   **Creditor**                                    **Property to be Surrendered**

5. **Executory Contracts and Leases:**
   The Debtor(s) will assume or reject executory contracts or unexpired leases as noted below. Assumption will be by separate motion and order, and all payments shall be paid pursuant to paragraph 3C or 6. Any executory contract or unexpired lease not assumed pursuant to I I USC 365(d) is rejected. If rejected, the Debtor(s) shall surrender any collateral or leased property and any duly filed and allowed unsecured claim for damages shall be paid under paragraph 3E2.

   **Contract/Lease**                              **Assumed or Rejected**

6. **Direct Payments by Debtor(s) Outside of the Plan:**
   The following creditors shall be paid directly by the Debtor(s) and shall receive no payments from the Trustee,

   | **Name**                         | **Amount of Claim** | **Monthly Payment** |
   |----------------------------------|---------------------|---------------------|
   | Credit Acceptance Corp (car loan) | $5,520              | $458                |

7. **Revestment of Property:**
   Property of the estate shall revest in the Debtor(s) upon: __X__ Confirmation of the Plan, ____ Dismissal or discharge only.
   If no selection is made, property of the estate shall revest in the Debtor(s) upon confirmation.

8. **Liquidation Analysis:**
   The Debtor(s) estimates that there would be **$ TBD%** available to pay general unsecured creditors in a Chapter 7 liquidation. The Debtor(s) propose to pay at least this amount to unsecured creditors in this Plan.

9. **Certification:**
   The Debtor(s) or their attorney, certify that this Plan conforms with Local Bankruptcy Rule 3015-1, except as set forth below:

10. **Other Plan Provisions:**

    N/A

   | /s/ Helmut Kah | | 7499 | 01/17/2006 |
   |---|---|---|---|
   | Helmut Kah, WSBA 18541 | Jack C. Cramer, Jr. | Last Four Digits SSN | Date |
   | Attorney for Debtor(s) | Debtor | | |

December 7, 2005

RE: Countrywide Home Loans

Loan Number: 53278

Borrower Name: **JACK C CRAMER JR**

Dear Sir or Madam,

Please be advised that servicing on the above-referenced loan will be transferred to **LITTON LOAN SERVICING, LP** effective December 1, 2005. Please forward all correspondence to:

**LITTON LOAN SERVICING, LP**

**ATTN: PAYMENT PROCESSING**

**P.O. BOX 4387**

**HOUSTON, TX 77210-4387**

Effectively immediately, please ensure that title will vest in the name **LITTON LOAN SERVICING, LP** upon completion of any pending foreclosures. We will be providing assignments as necessary.

Please forward an invoice for all fees and costs incurred on this file prior to December 1, 2005 immediately to Countrywide Home Loans to ensure payment. **LITTON LOAN SERVICING, LP** will be responsible for fees and costs incurred after December 1, 2005.

Thank you for your attention to these matters. If you have any questions, please do not hesitate to call Litton Loan Servicing at **800-247-9727**.

Sincerely,

Amanda Feldman
Senior Bankruptcy Specialist

RECEIVED
03 AUG -7 AM 9:27
KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

## SUPERIOR COURT OF WASHINGTON
## COUNTY OF KING

| | |
|---|---|
| COUNTRYWIDE HOME LOAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> JACK C. CRAMER JR. AND JANE DOE CRAMER and All Occupants of the Premises located at 15605 63rd Avenue Northeast, Kenmore, WA 98028, <br><br> Defendant. | No. 02-2-23019-9 SEA <br><br> MEMORANDUM OF CR 2A SETTLEMENT AGREEMENT |

This agreement is made by and between the plaintiff and the defendants in settlement of the proceedings for unlawful detainer now pending in the above-entitled case. This agreement is signed by the parties as a binding CR 2A agreement.

1. The trial scheduled in this matter on Monday, July 14, 2003 shall be canceled and the above-referenced case dismissed.

2. Countrywide Home Loans, Inc. ("Countrywide") will clear all foreclosure including collections, late payments, and delinquencies reporting on Jack Cramer's ("Cramer") credit report from December 31, 2001 until the date of this agreement. Countrywide will not alter any credit reporting that pertains to collections or delinquencies prior to the original

MEMORANDUM OF CR2A SETTLEMENT AGREEMENT
Page 1 of 8

ROUTH CRABTREE FENNELL
A Law Firm and Professional Services Corporation
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

1  Notice of Default dated December 31, 2001. During the pendency of this agreement and until

2  a new foreclosure is begun as authorized by Paragraph 7, Cramer's credit report will reflect

3  his credit as of December 2001.

4      3. Countrywide will report the changes in Cramer's credit report no later than July

5  16, 2003 and provide written proof to opposing counsel that this has been done.

6      4. Countrywide will rescind the current Trustee's Deed issued to Countrywide on or

7  about June 14, 2002 and recorded under King County Recorder's No. 20020620002210. The

8  accuracy of the recording number listed in the preceding sentence shall not diminish

9  Countrywide's duty to rescind the trustee's deed.

10     5. Cramer will execute any documents that are necessary to rescind the trustee's

11 deed that was issued to Countrywide on or about June 14, 2002 and recorded under King

12 County Recorder's No. 20020620002210.

13     6. Countrywide will take no steps to begin foreclosure, including but not limited to

14 a Notice of Default and Notice of Sale or any service or reporting of said notices until sixty

15 days after Countrywide has received confirmation from each of the three credit bureaus and

16 provided said notice to opposing counsel by delivery via fax and courier with said

17 confirmation that the requested changes have been made, with the exception of those steps

18 referenced below.

19     7. On or after the sixty days has elapsed as described in Paragraph 6, Countrywide

20 may re-start a new foreclosure by issuing a Notice of Default and will report the new

21 foreclosure to the appropriate credit bureaus.

22     8. Countrywide will issue a breach letter no later than 30 days prior to re-

23

MEMORANDUM OF CR2A SETTLEMENT AGREEMENT
Page 2 of 8

ROUTH CRABTREE FENNELL
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

commencing foreclosure pursuant to #6 above. However, the breach letter will not be reported to any credit bureau.

9. Countrywide will waive all its foreclosure fees, costs, and expenses including attorney fees and trustee fees, incurred to date and any and all fees, costs, and expenses including attorney fees and trustee fees, associated with the instant unlawful detainer action case #02-2-23019-9 SEA. Countrywide waives all late charges and delinquency charges from December 31, 2001, through August 30, 2003. These amounts are not and will not be included in the amount necessary to reinstate the Cramer loan. Countrywide will not, however, waive any late charges and delinquency charges incurred prior to December 31, 2001.

10. Countrywide waives and has credited the amounts of $5,413.00, $5,521.26 and $311.00 as the amounts of hazard insurance charged to Cramer's loan account during the time period of June 28, 2002 until June 28, 2003. These amounts are not and shall not be included in the amount necessary to reinstate the Cramer loan. Cramer agrees that he is responsible to continually provide for hazard insurance on the subject property and provide written proof of said insurance to counsel for Countrywide. *[handwritten: Cramer agrees that this provision does not diminish Countrywide's right under the Deed of Trust to provide Hazard Insurance if Cramer fails to do so. HK]*

11. The current reinstatement amount as of July 11, 2003 is $79,114.34 (the "principal reinstatement amount") and the current payoff balance as of July 11, 2003, is $349,292.06. The interest rate is $85.6157 a day, the contract rate. These amounts may increase with any property tax amounts that the lender pays hereafter in connection with the loan. King County property tax is paid in full as of the date of this agreement, and the 2nd half

ROUTH CRABTREE FENNELL
A Law Firm and Professional Services Corporation
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

MEMORANDUM OF CR2A SETTLEMENT AGREEMENT
Page 3 of 8
Case 05-24720-KAO    Doc 15    Filed 01/17/06    Ent. 01/17/06 16:04:04    Pg. 7 of 13

1  of 2003 property tax is due October 31, 2003, in the amount of $1,899.40.

2      12. The rescission of the trustee's deed granted to Countrywide on June 14, 2002 in

3  no way affects the validity of the Deed of Trust dated December 22, 2000 relating to the

4  property located at 15605 63rd Ave. NE, Kenmore, WA 98028 and said Deed of Trust will be

5  reinstated and continue to be a valid and existing first lien on the subject property.

6

7      13. Jack Cramer, for his self, and for his heirs, executors, administrators, successors

8  and assigns do hereby fully and forever remise, release and discharge Countrywide Home

9  Loans, Inc. and its related corporations, affiliated companies, partnerships, partners, trusts,

10 trustees, beneficiaries, predecessors, successors, assigns, directors, officers, employees, agents

11 and attorneys from any and all claims, liabilities, actions, causes of actions, demands, rights,

12 damages, costs, attorneys' fees, loss of profit, expenses and compensation, which Cramer

13 claims to have or will have that are in any way related to the non-judicial deed of trust

14 foreclosure commenced by Countrywide by Notice of Default dated December 31, 2001,

15 against Cramer's property located at 15605 63rd Ave. NE, Kenmore, WA 98028 ("the

16 Property"), or the instant unlawful detainer action, King County case #02-2-23019-9 SEA,

17 including, without limitation, any and all claims asserted or which could have been asserted

18 by Cramer in said actions as affirmative defenses or civil counterclaims, such as claims of

19 alleged "bad faith", malicious prosecution, abuse of process, breach of the covenant of good

20 faith and fair dealing, fraud, intentional and negligent infliction of emotional distress,

21 intentional and negligent misrepresentation, personal injury, breach of any federal or state

22 statutory duties, claims for lender liability, claims for exemplary and punitive damages, or

23 damages for personal injury or emotional distress in any way related to the Property or the

ROUTH CRABTREE FENNELL
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

MEMORANDUM OF CR2A SETTLEMENT AGREEMENT
Page 4 of 8

Case 05-24720-KAO    Doc 15    Filed 01/17/06    Ent. 01/17/06 16:04:04    Pg. 8 of 13

08/18/2003 14:11 FAX 425 957 1428    Routh Crabtree & Fennell                  ☑006/009

Lawsuit. Cramer also agrees that he will not file any complaint with any Federal or State Court with regard to the disputes identified in this settlement agreement and/or any matters released. This release of claims by Cramer does not preclude Cramer from submitting a claim for a share of the settlement or award in any class action lawsuit commenced by others against Countrywide Home Loan, Inc. Cramer will not himself initiate, act as a named plaintiff, or participate as a plaintiff, in any class action lawsuit against Countrywide arising from claims which are based on vents that occurred prior to the effective date of this agreement, EXCEPT THAT Cramer may file a claim against the settlement or award recovered in any such class action lawsuit and may provide information and cooperate as necessary in connection with his claim against the settlement or award. Compliance with subpoenas and court orders is not prohibited by this paragraph.

14. Jack Cramer and Countrywide Home Loan, Inc. understand and agree that this Agreement is a compromise of disputed claims and that this Agreement is not to be construed as and is not an admission of liability on the part of the party or parties released.

15. It is further understood and agreed that Cramer intends to waive and hereby expressly waives all rights under California Civil Code Section 1542 and any similar law of any state or territory of the United States. Section 1542 reads as follows:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

**GENERAL PROVISIONS:**

Page 5 of 8

ROUTH CRABTREE FENNELL
A Law Firm and Professional Services Corporation
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

Case 05-24720-KAO    Doc 15    Filed 01/17/06    Ent. 01/17/06 16:04:04    Pg. 9 of 13

1.  **Reading, Understanding, and Advisability.** This Agreement has been carefully read, and the contents hereof are known and understood by all, and it is signed freely by each person executing the Agreement. Prior to the execution of this Agreement by each party, each party has had the opportunity to receive independent legal advice by that party's attorneys with respect to the advisability of making the releases described herein and with respect to the advisability of executing this Agreement.

2.  **Representations.** Except as expressly stated in this Agreement, no party hereto has made any statement or representation to any other party regarding any fact relied upon by the other party entering into this Agreement, and each party specifically does not rely upon any statement, representation or promise of any other party in executing this Agreement, except as expressly stated in this Agreement.

3.  **Investigations.** To the extent possible, each party and its, his, or her attorneys have made such investigation of the facts pertaining to this settlement, this Agreement, and all matters pertaining thereto, as they deem necessary. The parties hereto agree and acknowledge that they, or any of them, may hereafter discover facts different from or in addition to those they, or any of them, now know or believe to be true with respect to the matters released and settled herein, and the parties specifically agree that all of the terms of this Agreement shall be and will remain effective in all aspects, regardless of such different or additional facts which may be learned.

4.  **Integration.** This Agreement constitutes a single, integrated, written contract expressing the entire agreement of the parties hereto relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made

MEMORANDUM OF CR2A SETTLEMENT AGREEMENT
Page 6 of 8

ROUTH CRABTREE FENNELL
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

1  by any party hereto, except as specifically set forth in this Agreement. All prior discussions
2  and negotiations have been and are merged and integrated into, and are superseded by this
3  Agreement.
4      5.    **Governing Law.** This Agreement shall be construed in accordance with, and
5  be governed by, the laws of the State of Washington.
6      6.    **Further Assurances.** Each of the parties hereto agrees to take such further
7  action and execute all such further documents as may be necessary or appropriate in order to
8  consummate the settlement and release contemplated hereby.
9      7.    **No Assignment.** The parties hereto hereby warrant and represent that they,
10 and each of them, have made no assignments, voluntary or involuntary, of all or any part of
11 the claims released herein to any other person or entity.
12     8.    **Drafting.** This Agreement shall be construed without regard as to which party
13 drafted the Agreement, and this Agreement shall be construed as if all parties hereto
14 participated equally in the drafting of the Agreement.
15     9.    **Survival.** Wherever possible, each provision of this Agreement shall be
16 interpreted in such a manner as to be valid under applicable law, but if any provision of this
17 Agreement shall be invalid, or prohibited there under, such provision shall be ineffective to
18 the extent of such prohibition without invalidating the remainder of such provision or the
19 remaining provisions of this Agreement.
20     10.    **Attorney Fees.** In the event either party commences litigation to enforce this
21 agreement, the prevailing party shall recover its reasonable attorney fees, costs, and expenses
22 incurred in connection with such litigation both in the trial court and on any appeal.
23 [initials]

ROUTH CRABTREE FENNELL
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

MEMORANDUM OF CR2A SETTLEMENT AGREEMENT
Page 7 of 8

11. **Venue:** The venue for any litigation between the parties regarding this agreement shall be exclusively in the Superior Court of the State of Washington, County of King.

DATED this 11th day of July, 2003.

ROUTH CRABTREE FENNELL, P.S

By _[signature]_
Janaya L. Casavant, WSBA # 32715
Attorneys for Plaintiff

_[signature]_
Jack C. Cramer, Jr., Defendant

_[signature]_
Helmut Kah, WSBA # 18541
Attorney for Defendant Jack C. Cramer, Jr.

COUNTRYWIDE HOME LOAN, INC.

By _Dawn Ladny_
Dawn Ladny, Vice President
Countrywide Home Loans, Inc.

MEMORANDUM OF CR2A SETTLEMENT AGREEMENT
Page 8 of 8

ROUTH CRABTREE FENNELL
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

# ROUTH CRABTREE FENNELL
*A Law Firm and Professional Services Corporation*

3535 Factoria Blvd. SE, Suite 200
Bellevue, WA 98006
Telephone (425) 586-1900 ◆ Facsimile (425) 586-1997
EMAIL: JCASAVANT@RCFLEGAL.COM

---

### FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: HELMUT KAH | COMPANY: |
| FAX NUMBER: (425) 487-4862 | PHONE NUMBER: |
| FROM: JANAYA CASAVANT, ATTORNEY, DIRECT NUMBER: (425) 586-1991 | DATE: 8/18/03 |
| | FAX NUMBER: (425) 283-5991 |
| OUR FILE NO. | TOTAL PAGES, INCLUDING COVER: 9 |
| RE: Jack Cramer Agreement | |

The information contained in this facsimile is confidential and may also be attorney-privileged. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by a collect telephone call to (425) 586-1900 and return the original message to us at the address above via the US Postal Service, Thank you.